# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

IN RE:                                          CIVIL ACTION

SHARON SYLVESTER                                NO: 19-11716

                                                SECTION: "S" (2)

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Motion to Dismiss for Lack of Standing** (Rec. Doc. 3) filed by Appellee, Beau Sagona, is **DENIED**.

## BACKGROUND

This matter is an appeal from the June 5, 2019 order of the bankruptcy judge allowing a Chapter 13 administrative claim in favor of Beau Sagona ("Appellee") in the amount of $12,467.30. Debtor, Sharon Sylvester ("Appellant"), appealed that judgment; Sagona now moves to dismiss the appeal for lack of standing.

In October, 2017, Appellant transferred immovable property at 1212-18 South Rampart Street in New Orleans to her children via an act of donation. On August 7, 2018, Appellant filed her Chapter 12 Voluntary Petition in the bankruptcy court. On August 28, 2018, Appellant filed her Schedule A/B, listing $234,200.00 in property, including property at 1212-1218 South Rampart Street. In the schedule, she represented that she was the only person with an interest in the property. On the same date, she filed Schedule C, reflecting $4000.00 in exempt property, Schedule D, reflecting $170,347.72 in secured debt, and Schedule E/F, reflecting $15,744.99 in

unsecured debt. Offset of these amounts against the value of the property in Schedule A/B establishes a surplus of $44,107.29.

On October 23, 2018, a confirmation hearing was held, during which Sagona's objection to the confirmation of the Plan was heard, and the bankruptcy court authorized Sagona to file an adversary complaint seeking return of the Rampart Street property to the estate.

On February 19, 2019, the bankruptcy court entered a final judgment, granting Sagona's motion for summary judgment, and ordered that donation of the property be avoided pursuant to 11 U.S.C. §§ 548(a)(1)(A) and (B), and Louisiana Civil Code article 2036. The property was transferred back into the bankruptcy estate, and on April 18, 2019, the bankruptcy court entered an order converting the case from a Chapter 13 case to a Chapter 7 case. Because of the benefit of his work to the estate, and relying on 11 U.S.C. §§ 503(b)(3)(B) and 503(b)(4), Sagona moved for allowance and payment of administrative expense claims. He also filed a claim in the Chapter 13 bankruptcy for the amount of his expenses. The trustee originally objected to the claim, but subsequently moved to set aside the objection. On May 7, 2019, the bankruptcy judge granted the trustee's motion to set aside objection to claim, in an order which recited that the claim was withdrawn.[1] On June 5, 2019, the bankruptcy granted Sagona's motion, in an order stating that he had an allowed Chapter 13 Administrative Claim in the amount of $12,647.30. Appellant filed a

---

[1] Appellee contends that the recitation that the claim was withdrawn was an error, and the bankruptcy court intended to state that the objection to the claim, not the claim, was withdrawn. This contention is plausible from the context, especially given that the order was captioned "Order Granting Trustee's Motion to Set Aside Objection to Claim." In any event, it is immaterial, because appellee's motion for administrative expenses was not withdrawn and was granted.

motion to reconsider that ruling, which Sagona challenged based on lack of standing. On June 26, 2019, the bankruptcy court denied the motion to reconsider, and on July 16, 2019, the instant appeal was filed.

In the instant motion, Sagona argues that Appellant lacks standing because she is insolvent. Appellant opposes, arguing that she possesses standing because she is not insolvent, and further, that Appellee's claim was withdrawn.

## **DISCUSSION**

Title 28 U.S.C. § 158(a)(1), confers jurisdiction upon district courts to "hear appeals from final judgments, orders, and decrees" of the bankruptcy courts. A district reviews a bankruptcy court's decision under the same standard of review that an appellate court applies to a district court judgment. See 28 U.S.C. § 158(c)(2). Thus, the court reviews the bankruptcy court's conclusions of law de novo, findings of fact for clear error, and mixed questions of law and fact de novo. See In re Nat'l Gypsum Co., 208 F.3d 498, 504 (5th Cir. 2000).

Standing to appeal a bankruptcy ruling is limited to "persons aggrieved." Rohm & Hass Tex., Inc. v. Ortiz Bros. Insulation, Inc., 32 F.3d 205, 210 n. 18 (5th Cir.1994)(citations omitted). Thus, "[i]n order to establish standing to appeal a bankruptcy order, the putative appellant must prove 'that it was directly and adversely affected pecuniarily by the order, or that the order diminished its property, increased its burdens or impaired its rights.'" In re Gulf States Long Term Acute Care of Covington, L.L.C., 2014 WL 430633, at *1 (E.D. La. Feb. 4, 2014) (quoting In re Cajun Elec. Power Coop., Inc., 69 F.3d 746,749 (5th Cir.1995), withdrawn in part, 74 F.3d 599 (5th Cir.1996)).

3

Appellee/movant contends that because the bankruptcy court found that Appellant was insolvent, she has no equity in the property and thus no pecuniary interest affected by the order appealed.

In the instant case, while the bankruptcy court found that the debtor/appellant was insolvent, the record does not support that finding. For reasons that are unclear from the record, the bankruptcy court found that Appellant had scheduled property valued at approximately $126,000.00, despite the fact that her scheduled property totaled $234,200.00. While the difference between these two figures is approximately $108,000.00, the amount appellant assigned as the value of the Rampart Street property transferred to her children, it is not clear why it was not included by the bankruptcy judge in the scheduled property total, since it was listed therein.[2] Accordingly, the bankruptcy court erred in fixing the value of appellee's property at $126,000.00 rather than $234,000.00, and concluding as a result that Appellant was insolvent.

Appellant has equity in the property, and thus the order allowing payment of administrative expenses does in fact have a monetary effect on appellant. She is therefore a person aggrieved by the order appealed from, and has standing to prosecute this appeal.

Accordingly,

---

[2] The property was also transferred back to the estate.

**IT IS HEREBY ORDERED** that the **Motion to Dismiss for Lack of Standing** (Rec. Doc. 3) filed by Appellee, Beau Sagona, is **DENIED.**

New Orleans, Louisiana, this 11th day of October, 2019.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**