UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                          CIVIL ACTION

SHARON SYLVESTER                                NO: 19-11716
                                                SECTION: "S" (2)

## OPINION

This matter is on appeal from the bankruptcy court's Order entered June 5, 2019, allowing a Chapter 13 Administrative Claim for appellee, Beau Sagona, in the amount of $12,647.30. Incorporated within the appeal is a Motion for Reconsideration of this court's order of November 21, 2019 (Rec. Doc. 16) allowing supplementation of the record on appeal.

For the reasons which follow, **IT IS ORDERED** that the ruling of the bankruptcy court allowing the administrative claim is **VACATED** and this matter is **REMANDED** for further consideration consistent with this opinion;

**IT IS FURTHER ORDERED** that the **Motion for Reconsideration** is **DENIED**. The bankruptcy court will have the opportunity to clarify and supplement the record on remand if appropriate.

## BACKGROUND

In October, 2017, debtor/appellant, Sharon Sylvester, transferred immovable property at 1212-18 South Rampart Street in New Orleans to her children via an act of donation. On August

7, 2018, appellant filed her Chapter 13 Voluntary Petition in the bankruptcy court.[1] On August 31, 2018, appellee, Beau Sagona, and his law firm, the Derbes Law Firm, LLC, filed an objection to the appellant's confirmation plan, based on the premise that the donation of the Rampart Street property was a voidable transfer to insiders within the one-year period set forth in 11 U.S.C. § 548. At the October 23, 2018, confirmation hearing, appellee reiterated his objection to the confirmation of the Plan, and the bankruptcy court authorized appellee to file an adversary complaint seeking return of the Rampart Street property to the estate. This authorization occurred after appellant's attorney had acknowledged that the transfer should be voided, and had agreed to transfer the property back to the estate,[2] but the transferees apparently declined to do so.

Accordingly, in November 1, 2018, appellee filed an adversary complaint[3] seeking avoidance and revocation of the transfer, and that the Rampart Street property be returned to the estate, and subsequently moved for summary judgment on this question. On February 8, 2019, the bankruptcy court granted the Chapter 13 Trustee's motion to join the creditor plaintiffs in the adversary proceeding for the avoidance of the transfer.[4] On February 19, 2019, the bankruptcy court entered a final judgment, granting summary judgment in favor of appellee, and ordered that donation of the property be avoided pursuant to 11 U.S.C. §§ 548(a)(1)(A) and (B), and Louisiana Civil Code article 2036. The property was transferred back into the bankruptcy estate,

---

[1] 18-BR-12064.

[2] Id., Rec. Doc. 78, Transcr. of 10/2/18 hearing, at pp. 7, 21.

[3] 18-AP-1136.

[4] Id., Rec. Doc. 40, Transcr. of 2/8/19 hearing, at p. 11.

and on April 18, 2019, the bankruptcy court entered an order converting the case from a Chapter 13 case to a Chapter 7 case.

Because of the benefit of his work to the estate, and relying on 11 U.S.C. §§ 503(b)(3)(B) and 503(b)(4), appellee moved for allowance and payment of administrative expense claims. He also filed a claim in the Chapter 13 bankruptcy for the amount of his expenses. The trustee originally objected to the claim on grounds that it was filed late,[5] but subsequently moved to set aside that objection.[6]

On May 7, 2019, the bankruptcy judge granted the trustee's motion to set aside objection to claim, in an order which apparently mistakenly recited that the claim, not the objection, was withdrawn.[7] On May 23, 2019, the bankruptcy court granted appellee's motion for allowance and payment of administrative expense claims, which was unopposed, via a Memo to Record without a hearing.[8] On June 5, 2019, the bankruptcy court issued an order stating that appellee had an allowed Chapter 13 Administrative Claim in the amount of $12,647.30. Despite the fact that she had not opposed the motion, appellant filed a motion to reconsider that ruling. On June 26, 2019,

---

[5] 18-BR-12064, Rec. Doc. 125.

[6] Id., Rec. Doc. 149.

[7] Id., Rec. Doc. 152. Appellee contends that the recitation that the claim was withdrawn was an error, and the bankruptcy court intended to state that the objection to the claim, not the claim, was withdrawn. This contention is plausible from the context, especially given that the order was captioned "Order Granting Trustee's Motion to Set Aside Objection to Claim." In any event, appellee's motion for administrative expenses was not withdrawn and was subsequently granted.

[8] Id., Rec. Doc. 160.

3

the bankruptcy court denied the motion to reconsider, and on July 16, 2019, the instant appeal was filed.

## ISSUES FOR REVIEW

On appeal, Sylvester submits the following issues for review:

• Whether appellee failed to file an application for allowance of an administrative expense pursuant to § 503(b), instead filing only a proof of claim;

• Whether the bankruptcy court erred in granting appellee's motion for allowance and payment of Chapter 13 Administrative Expense; and

• Whether this court erred in allowing the appellee to supplement the record with Proof of Claim #10, which included a detailed statement of the services rendered, time expended, and expenses incurred.

## DISCUSSION

### *Standard of Review*

Title 28 U.S.C. § 158(a)(1), confers jurisdiction upon district courts to "hear appeals from final judgments, orders, and decrees" of the bankruptcy courts. A district reviews a bankruptcy court's decision under the same standard of review that an appellate court applies to a district court judgment. See 28 U.S.C. § 158(c)(2). Thus, the court reviews the bankruptcy court's conclusions of law de novo, findings of fact for clear error, and mixed questions of law and fact de novo. See In re Nat'l Gypsum Co., 208 F.3d 498, 504 (5th Cir. 2000).

### *1.    Whether appellee failed to file an application for allowance of an administrative expense pursuant to § 503(b), instead filing only a proof of claim*

Appellant contends that appellee did not properly apply for an allowance of administrative expense pursuant to § 503(b), because he submitted a proof of claim rather than an application for an allowance of an administrative expense pursuant to § 503(b). Appellant emphasizes the following language in the order granting appellant's Motion for Allowance and Payment of Administrative Expense Claims:[9] "IT IS FURTHER ORDERED that Beau Sagona has an allowed Chapter 13 Administrative Claim [Claim No. 9] in the amount of $12,647.30."[10] Appellant reasons that this formulation, referencing Claim No. 9, means that the Bankruptcy Judge allowed a proof of claim, rather than an administrative expense pursuant to § 503(b).

On the contrary, appellee's Motion for Allowance and Payment of Administrative Expense Claims (Rec. Doc. 118) specifically recites that it is being brought pursuant to 11 U.S.C. § 503(a) and (b), and the bankruptcy court's order specifically recites that is based upon that motion (Rec. Doc. 118), and that the motion under section 503(a) and (b) was granted. The fact that Proof of Claim #9 was also referenced in the order does not change that fact.

On this record, it is clear that appellee filed, and the bankruptcy court granted, an application for an administrative claim allowance pursuant to § 503(b). Therefore, appellant is not entitled to relief based on her argument that appellee failed to file a claim pursuant to § 503(b).

---

[9] 18-BR-12064, Rec. Doc. 118.

[10] 18-BR-12064, Rec. Doc. 168.

## 2. *Whether the bankruptcy court erred in granting appellee's motion for allowance and payment of Chapter 13 Administrative Expense*

Appellant contends that the bankruptcy court erred: (1) in allowing the fee award when appellee did not seek and obtain prior court approval to sue for avoidance of the transfer; (2) in awarding fees based upon an insufficiently detailed fee application; and (3) in failing "to abide by its duty to investigate the reasonableness of the compensation"[11] and apply the so-called Johnson factors[12] in making a fee award.

In opposition, appellee argues that the bankruptcy court authorized his work, which provided a substantial benefit to the bankruptcy estate, and appellant waived her right to appeal the allowance because she did not oppose the motion before the bankruptcy court. He further argues that the Johnson factors are only applied to fee applications brought under 11 U.S.C. § 330(a)(1)(A), and are not relevant to his application, brought pursuant to 11.U.S.C. § 503(b), and that his fee application does satisfy the Johnson factors.

---

[11] Appeal, Rec. Doc. 20, at p. 20.

[12] The Johnson factors are derived from Johnson v. Georgia Hwy Express, Inc., 488 F.2d 714 (5th Cir. 1974), abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. (1989), and set forth twelve factors courts should consider in making an attorneys' fee award. The twelve Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) The customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases.

*(a.) Authorization to pursue avoidance of the transfer*

With respect to appellant's contention that appellee failed to secure the approval of the bankruptcy court prior to pursuing the avoidance of the transfer, the record reflects that the appellee did secure prior approval of the bankruptcy court. After the debtor/appellant's attorney acknowledged to the bankruptcy court that the transfer was improper and offered to transfer the property back to the estate, appellant's transferees refused to do so, prompting the bankruptcy court to explicitly direct the appellee to file an adversary proceeding to avoid the transfer. Appellee did so in a proceeding in which the trustee joined. On this record, the court finds that appellee was authorized to pursue the avoidance action.[13]

*(b.) The bankruptcy court's fee determination*

Bankruptcy courts have broad discretion to determine reasonable attorneys' fees. In re ASARCO, L.L.C., 751 F.3d 291, 294 (5th Cir. 2014), aff'd sub nom. Baker Botts L.L.P. v. ASARCO LLC, 135 S. Ct. 2158 (2015)(citing In re Lawler, 807 F.2d 1207, 1211 (5th Cir.1987)). A fee award is disturbed only if the reviewing court finds that the bankruptcy court abused its discretion. Id. "An abuse of discretion occurs where the bankruptcy court (1) applies an improper legal standard or follows improper procedures in calculating the fee award, or (2)

---

[13] While avoidance actions belong to the estate, and the trustee has exclusive standing to assert such claims, courts have recognized that in situations where the trustee has declined to pursue the claim, the bankruptcy court authorizes a creditor to bring the claim, and the trustee consents – all of which occurred in this case – the creditor has derivative standing to pursue the avoidance action. See, e.g., Cambridge Realty W., L.L.C. v. NOP, L.L.C., 2010 WL 4668436, at *3 (E.D. La. Nov. 8, 2010)(discussing cases).

rests its decision on findings of fact that are clearly erroneous." In re Cahill, 428 F.3d 536, 539 (5th Cir. 2005) (citation omitted).

Under section 503 of title 11,

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including— ...

(3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by—

(B) a creditor, that recovers, after the court's approval, for the benefit of the estate any property transferred or concealed by the debtor; . . .

(4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant.

11 U.S.C. § 503(b)(3)(B) and § 503(b)(4).

Thus, under the plain language of this provision, to prevail, an applicant must prove, inter alia, that any expenses were actually incurred and necessary, and any fees were reasonable based on the time, the nature, the extent, and the value of such services, and the cost of comparable services.

Bankruptcy Rule 2016(a) provides in pertinent part that "[a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." See also Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) ("The party seeking an award of fees should submit evidence supporting the

8

hours worked and rates claimed."). Notwithstanding the "detailed statement" required by Rule 2016, the Fifth Circuit has held to be sufficient fee applications that do not reach an "ideal level of completeness," but are adequate for a court to evaluate whether fees are actual, necessary, and reasonable. See Matter of Lawler, 807 F.2d 1207, 1212 (5th Cir.1987). The court has also recognized that the lower court, familiar with the detailed workings of the case, is in the best position to make this assessment, and "has a far better means of knowing what is just and reasonable than the appellate court can have." Matter of Evangeline Refining Co., 890 F.2d 1312, 1327 (5th Cir. 1989)(quotations omitted).

In discussing fee applications under section 503(b)(4), the Fifth Circuit has stated that "[t]he import of subsection (4), however, is clear. Congress intended for the judge to evaluate the listed factors in setting a reasonable fee." Matter of DP Partners Ltd. P'ship, 106 F.3d 667, 674 (5th Cir. 1997). The listed factors include the time, the nature, the extent, and the value of such services, and the cost of comparable services. "This standard is quite similar to the standard applying to requests for compensation under section 330. Cases decided under section 330 are relevant in determining compensation awards under section 503(b)(4)." 4 COLLIER ON BANKRUPTCY P 503.11 (16th ed. 2019). Thus, to recover attorney's fees in bankruptcy pursuant to a 503(b) application, an applicant must provide a statement that generally conforms with Bankruptcy Rule 2016, and the total fees must be reasonable under the factors listed in 503(b)(4).[14]

---

[14] As noted by the DP Partners court, the subsection (4) factors "are subsumed in the Johnson v. Georgia Highway Express attorney's fees analysis." Id. Accordingly, Johnson and its

The fact that the fee application in this case was initially unopposed does not end the inquiry as to the reasonableness of the fees. The burden of proof as to the reasonableness of the fees is upon the applicant. Matter of U.S. Golf Corp., 639 F.2d 1197, 1207 (5th Cir. 1981). Thus, "[i]n addition to any objection voiced by a party in interest, the Court has an independent duty to investigate the reasonableness of compensation." In re Griffin, 302 B.R. 1, 4 (Bankr. W.D. Ark. 2003), aff'd, 310 B.R. 610 (B.A.P. 8th Cir. 2004)(citing In re Pettibone Corp., 74 B.R. 293, 299–300 (Bankr. N.D. Ill.1987) (citing In re NRG Resources, Inc., 64 B.R. 643, 650 (W.D. La.1986); In re Esar Ventures, 62 B.R. 204, 205 (Bankr. D. Ha.1986); In re Jensen–Farley Pictures, Inc., 47 B.R. 557, 585 (Bankr. D.Utah 1985); In re Wilson Foods Corp., 36 B.R. 317, 320 (Bankr.W.D. Okla.1984)); In re Holthoff, 55 B.R. 36, 39 (Bankr. E.D. Ark.1985) (citing Fed. R. Bankr.P. 2016(a); In re Thomas, Inc., 43 B.R. 510 (Bankr. D. Mass.1984); In re Bolton, 43 B.R. 598 (Bankr. E.D.N.Y.1984)).

In this case, on the record before it, the court cannot discern what analysis was employed by the bankruptcy court in its fee determination, nor the basis for the award. The only detail included within the application itself was provided in a footnote to the motion reflecting that the total included $1013.30 in costs for courier fees, parking, postage, photocopies, and a court reporter and $11,643.00 in attorneys' fees.[15] While the matter was originally noticed for hearing, the bankruptcy court cancelled the hearing and entered a memorandum to the record granting the

---

progeny remain relevant in analyzing, and continue to inform, the reasonableness of fee awards under section 503(b)(4). DP Partners, 106 F.3d at 674.

[15] 18-BR-12064, Rec. Doc. 118, at p. 3. n.7.

application with no written reasons for its findings.[16] Thus, it is unclear what the bankruptcy court considered in making its ruling, and how the bankruptcy court concluded the fee request was reasonable.

"If a court awards fees but fails to explain why compensation was awarded at the level it was given, it is difficult, if not impossible, for an appellate court to engage in meaningful review of a fee award." Evangeline Refining Co., 890 F.2d at 1328 (citing Matter of Texas Extrusion Corp., 836 F.2d 217, 220–21 (5th Cir.1988)). No explanation for the fee award made in this case has been provided, and thus this court cannot meaningfully review it. Thus, this matter must be remanded to the bankruptcy court for a redetermination, consistent with this opinion, of what amount of compensation should be awarded to appellee. The fee determination should be accompanied by an explanation of how the court arrived at the award.

### 3. *Whether this court erred in allowing the appellee to supplement the record with Proof of Claim #10*

In a prior order, this court granted appellee's motion to supplement the record to include Proof of Claim #10. Rec. Doc. 16. Appellant appeals this order. Because appellant is presenting this argument to the court which issued the contested ruling, it is not an appeal. Rather, appellant is seeking reconsideration of this court's prior order.

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. Bass

---

[16] Rec. Doc. 161, Memo to Record entered 5/23/29 reflects that the court "having considered the pleadings, proper service to all interested parties, and no objection having been filed, will GRANT the motion [for allowance and payment of administrative expense claims] without hearing."

11

v. U. S. Dep't of Agric., 211 F.3d 959, 962 (5th Cir. 2000). A motion for reconsideration filed more than twenty-eight days after the entry of the order is treated as a motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure. Texas A & M Research Found. v. Magna Transp., Inc., 338 F.3d 394, 400-01 (5th Cir. 2003). Appellant's motion was filed more than twenty-eight days after the court's ruling and is considered a Rule 60(b) motion.

The motion seeks relief from the court's prior order allowing the record to be supplemented to include Proof of Claim #10, because it was identical to Proof of Claim #9, which was previously included in the record. Appellant argues that they were not identical, because Proof of Claim #10 included an attachment comprised of a detailed statement of the services rendered, time expended, and expenses incurred, and the amounts requested therefor, which was not included in Proof of Claim #9, and which was not presented to the bankruptcy court. However, because this matter is being remanded to the bankruptcy court for further proceedings, on remand, the bankruptcy court can clarify or supplement the record as appropriate and necessary. Thus, appellant's motion to reconsider this court's prior order allowing supplementation is denied.

Accordingly, **IT IS ORDERED** that the ruling of the bankruptcy court is **VACATED** and this matter is **REMANDED** for further proceedings consistent with this opinion;

**IT IS FURTHER ORDERED** that the **Motion for Reconsideration** is **DENIED**.

New Orleans, Louisiana, this 9th day of March, 2020.

                                         _____
                                                MARY ANN VIAL LEMMON
                                         UNITED STATES DISTRICT JUDGE